# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | | |
|---|---|---|
| RE'CHON R. ROSS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV419-258 |
| | ) | |
| KILOLO KIJAKAZI,[1] | ) | |
| | ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION

The Court previously directed *pro se* plaintiff Re'Chon R. Ross to submit an Amended Complaint sufficiently alleging facts demonstrating her entitlement to relief. Doc. 8 at 2. Although she has submitted a letter to the Court, *see* doc. 10, and a Motion for a Hearing, *see* doc. 11, she has not complied with the Court's direction to submit an Amended Complaint. It also appears that Ross failed to keep the Court apprised of her address. *See* doc. 9; *see also* S.D. Ga. L.R. 11.1 ("Each attorney and pro se litigant has a continuing obligation to apprise the Court of any

---

[1] Kilolo Kijakazi is now the Acting Commissioner of Social Security, and has been substituted for Acting Commissioner Andrew M. Saul as the defendant in this suit pursuant to Rule 25(d) of the Federal Rules of Civil Procedure.

address change."). Her most recent filing does include a new address. *See* doc. 11 at 1. The Clerk is **DIRECTED** to send this Report and Recommendation, along with a copy of the Court's prior Order, doc. 8, to the address included in that most recent filing:

> Re'Chon R. Ross
> 1013 Scott Street
> Savannah, GA 31405

This Court has the authority to prune cases from its dockets where parties have failed to comply with its Orders. *See* S.D. Ga. L.R. 41.1(b); *see also Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–31 (1962) (courts have the inherent authority to dismiss claims for lack of prosecution); *Mingo v. Sugar Cane Growers Co-op*, 864 F.2d 101, 102 (11th Cir. 1989) ("The district court possesses the inherent power to police its docket."); *Jones v. Graham*, 709 F.2d 1457, 1458 (11th Cir. 1983); *Floyd v. United States*, CV491-277 (S.D. Ga. June 10, 1992). Accordingly, this case should be dismissed for plaintiff's failure to comply with the Court's Order.[2]

---

[2] The fourteen-day objections period discussed below affords Ross one final opportunity to submit her Amended Complaint. If she chooses to do so, she must also explain her failure to submit it within the deadline previously provided.

This Report and Recommendation (R&R) is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3.  Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy on all parties.  The document should be captioned "Objections to Magistrate Judge's Report and Recommendations."  Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge.  The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C).  The parties are advised that failure to timely file objections will result in the waiver of rights on appeal.  11th Cir. R. 3-1; *see Symonette v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO REPORTED AND RECOMMENDED,** this 13th day of May, 2022.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA